## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

**JONATHAN LOPEZ,**

     **Plaintiff,**

**v.**                          **Case No. 3:22-cv-653-BJD-MCR**

**SERGEANT WALDO GARCIA**

     **Defendants.**

_____/

## DEFENDANT GARCIA'S MOTION TO DISMISS
## PLAINTIFF'S COMPLAINT AND MEMORANDUM OF LAW

Defendant Sergeant Waldo Garcia ("Defendant"), in his respective individual capacity, by and through undersigned counsel, hereby moves this Court to dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a cause of action upon which relief can be granted. In support thereof, Defendant states as follows:

## INTRODUCTION

This case has been brought forth by inmate Jonathan Lopez, DC# X65033 ("Plaintiff"), an inmate housed by the Florida Department of Corrections ("FDC"). The Plaintiff was incarcerated on March 2, 2012, and was given life imprisonment for several crimes including robbery with a deadly weapon, aggravated assault with a deadly weapon, and attempted first degree murder.

1

Plaintiff was incarcerated in Close Management Unit in Jackson Correctional Institution with inmate Korey Gunn, DC # J40692. Inmate Gunn was incarcerated on December 18, 2017, for robbery. At the time of the incident he was assigned as a prison orderly. As an assigned orderly, inmate Gunn was required to be released from his cell in the early mornings to assist with breakfast. Plaintiff is alleging that on March 19, 2021, his cell door was unlocked and inmate Gunn attacked him.

In his Complaint, Plaintiff is alleging a Violation of his Eight and Fourteenth Amendment rights under § 42 U.S.C. 1983 against the Defendant, Sgt. Garcia. Plaintiff claims he is entitled to actual damages, punitive damages, and injunctive relief in the form of the retraining of FDC staff and the termination of Defendant Garcia. Plaintiff has failed to allege sufficient facts to show that Defendant was deliberately indifferent by willfully and knowingly ignoring a substantial risk to his safety. Plaintiff has also failed to allege sufficient facts to show that he has a clear legal right to the requested injunctive relief. In addition, Defendant is also entitled to qualified immunity in both his official and individual capacity. Finally, Plaintiff fails to plead the requisite evil intent, recklessness, or callous indifference required to claim punitive damages. Plaintiff's Third Amended Complaint should therefore be dismissed with prejudice.

## STANDARD OF REVIEW

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a complaint may be dismissed for failure to state a claim upon which relief may be granted. To survive a Rule 12(b)(6) motion to dismiss, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (Quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). For a claim to be plausible, it must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

Merely offering legal conclusions or a recitation of the legal elements of a cause of action are insufficient to state a claim. *Twombly*, 550 U.S. at 555. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Claims are plausible if the plaintiff's complaint "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Using a "the-defendant-unlawfully-harmed-me" accusation is insufficient. *Iqbal*, 556 U.S. 662, 677. A complaint is also insufficient if it "tenders naked assertions devoid of further factual enhancement." *Id*.

<u>**MEMORANDUM OF LAW**</u>

**I.** <u>**The standard for § 1983 claims in the context of inmate-on-inmate assault is outlined in *Farmer.***</u>

To survive a motion to dismiss, Plaintiff must plead facts that meet the standard for federal civil rights liability outlined in *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Under Farmer, prison officials have a duty to protect prisoners from the violence of other prisoners. "It is not, however, every injury suffered by one prisoner at the hands of another that translates into a constitutional liability for prison officials responsible for the victim's safety." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To establish a § 1983 claim for violation of an inmate's Eighth Amendment rights, the plaintiff must show sufficient evidence of:

1.     A substantial risk of serious harm;

2.     The defendant's deliberate indifference to that harm; and

3.     Causation. *Id.* at 828.

**II.** <u>**Deliberate indifference requires more than mere negligence, Plaintiff must show that Defendants knowingly or recklessly disregarded a substantial risk of serious harm.**</u>

The United States Supreme Court has defined "deliberate indifference" to mean "the official knows of and disregards an excessive risk to inmate health or safety." *Farmer* at 837. This analysis contains both subjective and objective components. *Mosley v. Zachery*, 966 F.3d 1265, 1270 (11th Cir. 2020). Plaintiff

must allege that the Defendants actually (subjectively) knew that he faced a substantial risk of serious harm and that the defendants disregarded that known risk by failing to respond to it in an (objectively) reasonable manner. *Bowen v. Warden, Baldwin State Prison*, 826 F.3d 1312 (11th Cir. 2016) at 1320. Alleging that the Defendant behaved in a negligent or even civilly reckless manner is not enough to meet the deliberate indifference standard. *Mosley* at 1276.

[D]eliberate indifference describes a state of mind more blameworthy than negligence." *Id*. citing *Bowen* at 1320. Rather, Plaintiff must show not only that there was a substantial risk of serious harm, but also that Defendant "subjectively knew of the substantial risk of serious harm and that [he] **knowingly or recklessly disregarded that risk.**" *Goodman v. Kimbrough*, 718 F.3d 1325 (11th Cir. 2013) [emphasis added].

For Defendants to be liable for failure to protect, "there must be much more than mere awareness" that the attacker was a problem inmate with a well-documented history of prison disobedience and propensity for violence. *Carter v. Galloway*, 352 F.3d 1346, 1349 (11th Cir. 2003). The Defendant "must be aware of specific facts from which an inference could be drawn that a substantial risk of serious harm exists-and the prison official must also 'draw that inference'." *Id*. (quoting *Farmer*, 511 U.S. at 837). The subjective awareness requirement is not met if Plaintiff merely proves a "generalized awareness of risk" that an inmate is

problematic because "merely negligent failure to protect an inmate from attack does not justify liability under section 1983." *Id.*, (quoting *Brown v. Hughes*, 894 F.2d 1533, 1537 (11th Cir. 1990)).

### III.   Plaintiff has failed to plead sufficient facts to show that Defendant knowingly or recklessly disregarded a substantial risk of serious harm.

Plaintiff claims that Defendant unlocked his cell door while he was sleeping and allowed inmate Korey Gunn to assault and stab him several times. *Doc. 44 Third Amended Complaint Part IV-D*. Plaintiff provides no context for the unlocking of his cell door, including if it was done remotely from the officer's station or if Garcia was physically present at the door when it was unlocked. Plaintiff provides no facts to establish whether the unlocking of his cell door was done in the proper course of Defendant's duties or at an improper time.

Plaintiff's allegation that Garcia intentionally unlocked Plaintiff's cell door for the sole purpose of allowing inmate Gunn to attack Plaintiff is purely conclusory, and should be disregarded.

Plaintiff alleges that inmate Korey Gunn had a history of serious disciplinary infractions and violent behavior that should have made Defendant Garcia aware of a general degree of danger. *Id.* However, Plaintiff does not mention any facts which indicate that he or any other individual informed Defendant that inmate Gunn posed a specific threat to him or of any specific pending danger.

In other words, Plaintiff is not alleging that Defendant had actual knowledge of any potential danger. Rather, Plaintiff is arguing that because the Closed Management Unit houses inmates with a history of disciplinary infractions and a higher propensity for violent behavior, Defendant should've had a general expectation of danger and anticipate inmate Gunn's attack before it unfolded. Not only is this line of argument not supported by the applicable case law, it ignores the fact that Plaintiff himself was also housed in Closed Management.

The 11th Circuit has previously supported the argument in *Carter* that a prison official who only has a general awareness of a problem inmate is not found to be deliberately indifferent without a subjective awareness of a substantial risk of serious physical harm. *Carter* at 1349. In light of the prior rulings in this Circuit, the facts do not support Plaintiff's claim that the Defendant should be held liable for violating Plaintiff's Eighth Amendment rights.

## IV. Plaintiff's complaint misinterprets and misapplies FDC escort policy. The cited policy is not a basis for Plaintiff's claims.

Plaintiff alleges that the FDC has a two-officer policy for unlocking cell doors. He does not cite the policy by number, but he is likely referencing Rule 33-601.800 (14), Florida Administrative Code (2021), which states:

*(14) Restraint and Escort Requirements.*

  *(a) CMI.*

7

1. *Prior to opening a cell for any purpose, including exercise, health care or disciplinary call-outs, telephone calls, recreation, and visiting, the inmate shall be handcuffed behind his or her back. If documented medical conditions require that the inmate be handcuffed in front, waist chains will be used in addition to the handcuffs and the escort officers shall be particularly vigilant.*

2. ***A minimum of two officers shall be physically present at the cell whenever the cell door is opened.***

3. *Prior to escorting an inmate from a cell the inmate shall be thoroughly searched. If the inmate is being taken outside the immediate housing unit or designated adjacent exercise area, leg irons and other restraint devices shall be applied.*

[emphasis added.]

However, in his complaint Plaintiff also admits that inmate Gunn was the orderly on the dorm wing at the time of the alleged incident, meaning inmate Gunn had a work assignment.[1] There are additional procedures for inmates with work assignments that allow them to perform their duties, as outlined in Rule 33-601.800 (14)(b), FAC (2021):

---

[1]There are three levels of Close Management status, with the strictest being CMI. Inmate Gunn was either CMII or CMIII, as CMI level inmates are not allowed to have work assignments. See Rule 33-601.800 (2)(a)2, FAC.

*(b) CMII. The same restraints and escort requirements as provided for inmates in CMI above apply to inmates in CMII with the exception that the senior correctional officer shall be authorized to approve unrestrained participation in group and individual counseling, dayroom access, and **inside work assignments.***

[emphasis added.]

Given that inmate Gunn was an orderly, Plaintiff's allegation that there was not a second officer present when his cell door was unlocked does not support his violation claim. Plaintiff tacitly admits that Defendant Garcia followed all FDC policies and procedures during the alleged incident.

## V.   Plaintiff has failed to demonstrate that there was more than a generalized risk of harm that consisted of a "constant threat of violence."

In general, a plaintiff must show "more than a generalized awareness of risk" to succeed in a deliberate-indifference claim. *Marbury v. Warden*, 936 F.3d 1227, 1234 (11th Cir. 2019) (quoting *Caldwell v. Warden, FCI Talladega*, 748 F.3d 1090, 1101 (11th Cir. 2014). To meet the high bar of deliberate indifference based on generalized risk, Plaintiff must show "that serious inmate-on-inmate violence was the norm or something close to it." *Purcell ex rel. Estate of Morgan v. Toombs Cty.*, 400 F.3d 1313, 1320 (11th Cir. 2005).

Excessive risk of inmate-on-inmate violence at a jail creates a substantial risk of serious harm, while occasional, isolated attacks by one prisoner on another may not. *Id*. (quoting *Woodhous v. Virginia*, 487 F.2d 889, 890 (4th Cir. 1973)). To prevail under this analysis, Plaintiff would have to demonstrate that he was exposed to a "constant threat of violence." *Id*; *Zatler v. Wainwright*, 802 F.2d 397, 400 (11th Cir. 1986). Substantial risk of serious harm is an objective standard that embodies "broad and idealistic concepts of dignity, civilized standards, humanity, and decency . . ."' but must be balanced against competing penological goals." *LaMarca v. Turner*, 995 F.2d 1526, 1535 (11th Cir. 1993).

Plaintiff is unable to demonstrate that there was a sufficient generalized risk of harm to him at River CI. Plaintiff fails to allege even one specific instance that demonstrates a constant threat of violence by other inmates. Plaintiff fails to meet the generalized risk analysis, and his complaint should therefore be dismissed.

## VI.  **Because Defendant's conduct did not violate Plaintiff's clearly established constitutional rights, he is entitled to qualified immunity.**

The Court must utilize a two-part framework to evaluate qualified immunity claims. *Brown v. City of Huntsville*, 608 F.3d 724, 734 (11th Cir. 2010). The two stages of inquiry are (1) whether the plaintiff's allegations, if true, establish a constitutional violation, and (2) whether the constitutional right was "clearly established." *Id*.

This defense protects government officials performing discretionary functions, allowing them to do so without the fear of personal liability or harassing litigation. It protects from suit all but the plainly incompetent or those that knowingly violated federal law. *Gonzalez v. Reno*, 325 F.3d 1228, 1230 (11th Cir. 2002). Qualified immunity is an entitlement to not stand trial or face the burdens of litigation. *Gonzalez* at 1230. It is appropriate to grant the defense of qualified immunity at the motion to dismiss stage if the complaint "fails to allege the violation of a clearly established constitutional right." *Id.*

As outlined above, the Defendant did not violate Plaintiff's clearly established constitutional right as understood by *Farmer*. This case is precisely the kind qualified immunity is designed to protect against. Plaintiff is claiming that the Defendant has a constitutional duty to take reasonable measures to guarantee Plaintiff's safety. His argument relies on his belief that the Defendant should've been able to anticipate the attack because of inmate Gunn's violent past. However, Plaintiff does not allege any information in his complaint to indicate that Defendant had the actual knowledge necessary of the pending danger. He has failed to meet the standard required to overcome qualified immunity. The Complaint should therefore be dismissed.

**VII.** **Plaintiff fails to establish a clear legal right to the requested injunctive relief. Therefore, Plaintiff's claim for injunctive relief should be stricken.**

Injunctive relief is only available if a petitioner can establish (1) a clear legal right to the relief requested; (2) show that there is an inadequate remedy at law; and (3) that irreparable harm will occur absent the injunctive relief. *See Liberty Counsel v. Fla. Bar Bd. Of Governors*, 12 So. 3d 183 (Fla. 2009). To obtain injunctive relief, the Plaintiff must first show that he is entitled to the relief requested by establishing that his constitutional rights were violated. *Brown v. Pastrana*, 446 Fed. Appx. 270, 272 (11th Cir. 2011).

For there to be injunctive relief, the harm must be irreparable and more than just speculative. *Brown v. Collins*, 2022 U.S. Dist. LEXIS 129258, *16 (N.D. Fla. 2022). Plaintiff in this case is seeking injunctive relief in the form of the termination of the Defendant and the retraining of the Florida Department of Corrections staff in the proper care, custody, and control of the inmate population.

Plaintiff does not have any legal right to dictate the personnel and training practices of the Florida Department of Corrections. There is no adequate remedy at law, given that the Florida Department of Corrections is no longer a Defendant in this case. The training practices and personnel decisions of the Florida Department of Corrections is outside of the injunctive relief that can be granted by an individual

officer. Therefore, all of the injunctive relief that is sought by the Plaintiff should be stricken.

## VIII.   Plaintiff's claim of punitive damages should be stricken for failure to show the required recklessness or callous indifference necessary to award punitive damages.

Punitive damages may be awarded on a § 1983 claim when the defendant's "'conduct is shown to be motivated by evil motive or intent or when it involves reckless or callous indifference to the federally protected rights of others.'" *Hooks v. Brewer*, 818 F. App'x 923, 931 (11th Cir. 2020), *quoting Smith v. Wade*, 461 U.S. 30, 55 (1983).

Plaintiff's claim for punitive damages should be dismissed, as Plaintiff fails to allege that Defendants conduct was willful and malicious. "A request for punitive damages must be stricken from the complaint if the allegations therein do not present a factual basis supporting the recovery of punitive damages, in other words, factual allegations showing wanton, willful or outrageous conduct." *Doe v. Royal Caribbean Cruises, Ltd.*, No. 11-23321-CIV, 2012 WL 4479084, at 2 (S.D. Fla. 2012).

At most Plaintiff's allegations have stated that Defendant acted improperly by failing to follow the appropriate procedure and unlocking Plaintiff's cell door without having a second officer present. Even if the Court finds that Plaintiff's

deliberate indifference allegations rise to the level necessary to survive this Motion to Dismiss, it should dismiss Plaintiff's claims for punitive damages on this basis.

## CONCLUSION

WHEREFORE, the Defendant respectfully requests this Court dismiss the Third Amended Complaint with prejudice, and grant such other relief as the Court deems proper.

Respectfully submitted,

*/s/ Liane S. LaBouef*
Liane S. LaBouef, Esq.
Florida Bar No. 1025198
Howell, Buchan & Strong
2898-6 Mahan Drive
Tallahassee, Florida 32308
Telephone: (850) 877-7776
liane@jsh-pa.com
*Attorney for Defendant Waldo Garcia*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served on all counsel of record by CM/ECF and via U.S. mail to Plaintiff at Jackson Correctional Institution, 5563 10th Street, Malone, FL 32445 on November 20th, 2023.

*/s/ Liane S. LaBouef*
Liane S. LaBouef, Esq.

14