UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JONATHAN LOPEZ,

        Plaintiff,

v.                                                                                          Case No. 3:22-cv-653-BJD-MCR

SERGEANT WALDO GARCIA,

        Defendant.
_____

## ORDER

Plaintiff, Jonathan Lopez, moves the Court under Rule 60(b)(1) of the Federal Rules of Civil Procedure for relief from its October 24, 2024 order granting Defendant Garcia's motion to dismiss (Doc. 57). In its order, the Court concluded Plaintiff failed to allege facts permitting the reasonable inference that Defendant Garcia violated his Eighth Amendment rights because Plaintiff complained only that Defendant Garcia's negligence or rule violation(s) "allowed" a fellow inmate to enter his cell and stab him. *See* Order (Doc. 54) at 9. In particular, the Court found Plaintiff mentioned "no prior similar incidents of inmate-on-inmate violence of which Defendant Garcia was aware," nor did he "allege that Defendant Garcia opened his cell door knowing of [his fellow inmate's] plans and intending for [Plaintiff] to be attacked." *Id.*

Plaintiff now argues he is "functionally illiterate," and the jailhouse lawyer who helped him prepare his complaint gave him bad advice, which resulted in him not stating his claims sufficiently to survive dismissal under Rule 12(b)(6). *See* Doc. 57 at 2. He contends that he omitted two crucial facts, which if alleged, would have saved his complaint from dismissal: (1) that supervisors at New River Correctional Facility were aware officers "regularly and routinely would disregard" rules governing security procedures and would "turn a blind eye to rampant fights and violence"; and (2) that Defendant Garcia "intentionally opened [his] cell door to knowingly allow [his fellow inmate] to enter the cell and assault [him]." *Id.* at 2–3.

"[A] court may relieve a party . . . from a final judgment, order, or proceeding for [limited] reasons[, including] mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1) (internal numbering omitted). "A motion for reconsideration cannot be used 'to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment.'" *Richardson v. Johnson*, 598 F.3d 734, 740 (11th Cir. 2010) (quoting *Michael Linet, Inc. v. Village of Wellington,* 408 F.3d 757, 763 (11th Cir.2005)).

Plaintiff essentially seeks leave to amend his complaint through the procedural mechanism of Rule 60(b)(1). But he has not satisfied the standard for relief from judgment under Rule 60(b)(1) because he merely seeks to

2

relitigate old matters or raise new arguments and allegations that he could have raised previously but did not. *See BLOM Bank SAL v. Honickman*, 145 S. Ct. 1612, 1619 (2025) ("[A] party seeking to reopen his case and replead must first satisfy Rule 60(b) on its own terms and obtain Rule 60(b) relief before Rule 15(a)'s liberal amendment standard can apply."). *See also Jacobs v. Tempur-Pedic Int'l, Inc.*, 626 F.3d 1327, 1344 (11th Cir. 2010) ("Rule 15(a), by its plain language, governs amendment of pleadings *before* judgment is entered; it has no application *after* judgment is entered.").

Notably, Plaintiff had multiple opportunities to amend his pleading while the case was pending. Early in the case, the Court directed Plaintiff to amend his original complaint because he sought to proceed on a claim against the Warden based solely on a theory of vicarious liability. *See* Doc. 7 at 2. Plaintiff thereafter voluntarily dropped the Warden as a defendant. *See* Docs. 10, 14, 37. He named the Florida Department of Corrections (FDC) in his second amended complaint but dropped that defendant in his third amended complaint. *See* Docs. 14, 37. In its order granting Defendant Garcia's motion to dismiss, the Court did not make any rulings related to a purported claim against supervisory officials or the FDC. Any attempt now to resurrect a voluntarily dropped claim in this closed case is improper.

With respect to the claims adjudicated, Plaintiff fails to demonstrate he is entitled to relief from judgment based on "mistake, inadvertence, surprise, or excusable neglect." *See* Fed. R. Civ. P. 60(b)(1). In granting Defendant Garcia's motion to dismiss, the Court fully considered Plaintiff's arguments, allegations, and theories of liability, affording him the benefit of liberal construction. In his motion to dismiss, Defendant Garcia expressly identified the deficiencies with Plaintiff's third amended complaint, including that Plaintiff had not alleged beyond conclusions that Defendant Garcia intended for another inmate to harm Plaintiff. *See* Doc. 47 at 6–7. Plaintiff responded to Defendant Garcia's motion to dismiss, and he stressed that Defendant Garcia violated institutional policies by opening his cell door and should have anticipated such a violation could lead to harm given inmates in his dorm generally were known to be dangerous. *See* Doc. 49 at 1–2. Plaintiff did not argue then that he had misstated the relevant facts. *See id.*

In his response to Defendant Garcia's motion to dismiss, Plaintiff used some conclusory language of "deliberate indifference" (*i.e.*, "purposely" and "knowingly"), *see id.* at 4, but considering Plaintiff's allegations and arguments in context, the Court concluded the basis of his claim was that Defendant Garcia violated prison policy or was negligent. *See* Doc. 54 at 9–10. Plaintiff's proposed new allegations are similarly vague in that he does not provide any

4

facts that would permit the reasonable inference Defendant Garcia knew the other inmate planned to attack him. For instance, he describes no communications or interactions between Defendant Garcia and the other inmate that would suggest they were collaborating with a specific intent to harm Plaintiff. On the contrary, with his motion for reconsideration, Plaintiff provides a copy of a grievance he filed shortly after the incident, which belies his proposed new allegation that Defendant Garcia acted intentionally: in his grievance, Plaintiff claimed the attack occurred because Defendant Garcia violated prison policy. *See* Doc. 57-1 at 5.

Not only are Plaintiff's proposed new allegations vague and conclusory (as they were in his third amended complaint), but his attempt to amend his pleading under Rule 60(b)(1) is improper. Accordingly, his motion (Doc. 57) is **DENIED**.

**DONE AND ORDERED** at Jacksonville, Florida, this 2nd day of July 2025.

_____
BRIAN J. DAVIS
United States District Judge

Jax-6
c:  Jonathan Lopez
    Counsel of Record